**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| **BRUCE A. HAKE, P.C.**<br>2 Locust Ln., Ste. 203<br>Westminster, MD 21157<br>Carroll County<br><br>*Plaintiff,*<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF STATE**<br>2201 C Street NW<br>Washington, D.C. 20520<br><br>*Defendant.* | CIVIL ACTION NO.<br><br>COMPLAINT FOR INJUNCTIVE RELIEF (Freedom of Information Act, 5 U.S.C. § 552) |

## COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff by its undersigned counsel alleges as follows:

## INTRODUCTION

1. Plaintiff, Bruce A. Hake, P.C., d/b/a "Hake and Schmitt", is a corporation that submitted a Freedom of Information Act (FOIA) request to the United States Department of State (DOS) regarding Form I-612 persecution waivers on August 18, 2026 (Request No. F-2026-25385) with a request for expedited processing. The request sought five discrete categories of records from the Department of State's Waiver Review Division (WRD) under the Bureau of Consular Affairs concerning internal holds, policy changes, IT transmission delays, and inter-agency referrals for U.S. Citizenship and Immigration Services (USCIS)-approved Form I-612 persecution waivers under Section 212(e) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(e).

2. On August 24, 2026, DOS denied expedited processing without reasoned explanation and placed the request on a 280-day "Complex" track.

3. Plaintiff timely appealed the expedite denial on August 24, 2026. Defendant was mandated to issue an appeal determination within twenty (20) working days (which expired on September 22, 2026). Defendant failed to issue a timely determination by that date.

4. On September 30, 2026, Defendant DOS issued a belated administrative appeal determination (Appeal No. A-2026-00579) signed by Supervisory Government Information Specialist Diamonece Hickson. Like the initial denial, this final appeal determination contained zero analysis, ignored Plaintiff's uncontradicted sworn declaration, reiterated the same text, and concluded with the boilerplate phrase: "I have determined that your request does not meet any of these criteria."

5. Defendant's September 30, 2026 decision explicitly confirmed that it represents the agency's final determination on expedited processing and exhausts all administrative remedies under 5 U.S.C. § 552(a)(4). Consequently, Plaintiff has exhausted its administrative remedies as to expedited processing. Separately, Defendant has never made the "determination" on the underlying records request that FOIA requires within twenty working days, or thirty working days in unusual circumstances, so Plaintiff is deemed to have exhausted its administrative remedies as to the request itself under 5 U.S.C. § 552(a)(6)(C)(i).

6. Accordingly, this is a targeted FOIA action, 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the immediate processing and disclosure of agency records maintained by Defendant Department of State concerning internal administrative holds, policy directives, and adjudication delays within the WRD regarding Form I-612 persecution waivers under INA § 212(e).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to FOIA, 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(E)(iii), and 28 U.S.C. § 1331.

8. Venue is proper in this district under FOIA, 5 U.S.C. § 552(a)(4)(B), which vests jurisdiction in "the district court of the United States in the district in which the complainant resides, or has his principal place of business." Plaintiff is a Maryland corporation with its principal place of business in Westminster, Carroll County, Maryland.

9. Assignment to the Northern Division is appropriate under Local Rule 501 because this case is between a federal agency and a non-governmental party residing in Maryland, and Plaintiff's principal place of business in Maryland is in Carroll County.

## PARTIES

10. Plaintiff Bruce A. Hake, P.C. (d/b/a "Hake and Schmitt") is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at Westminster, Maryland. Plaintiff serves as the sole updating author of the *J Visa Guidebook*, which is the leading national legal treatise on J-1 visa law and is updated and published annually to inform immigration practitioners, international medical graduates, academic institutions, and the public about J-1 visa law and its administration.

11. Defendant Department of State is a federal executive department and an "agency" subject to FOIA under 5 U.S.C. § 552(f)(1). DOS has possession, custody, and control of records responsive to Plaintiff's FOIA request and has failed to comply with FOIA's statutory time limits.

## STATEMENT OF FACTS

12. Under INA § 212(e), 8 U.S.C. § 1182(e), certain J-1 exchange visitors are subject to a two-year foreign residence requirement. However, the statute provides an explicit waiver where the applicant demonstrates that return to their home country would subject them to persecution on account of race, religion, and/or political opinion.

13. The statutory and regulatory framework creates a mandatory two-step inter-agency adjudication process: (1) USCIS makes the threshold factual determination on Form I-612 to verify that the applicant faces a well-founded fear of persecution; and (2) upon approving the threshold finding, USCIS transmits the file to WRD for a favorable recommendation.

14. Historically, WRD issued favorable recommendation concurrences on USCIS-approved Form I-612 persecution cases in a matter of days following receipt from USCIS. However, empirical case tracking over recent months reveals a near-total cessation of DOS concurrences and unprecedented, unexplainable adjudication holds on approved persecution cases, leaving persecution applicants and J-1 physicians in administrative standstill.

15. Moreover, several persecution waiver clients have recently received the following email from DOS:

> The Waiver Review Division is currently reviewing your persecution waiver application. Given that a significant amount of time has passed since the initial filing of the case, we kindly request the updated information below:
> 1. Purpose of stay: Please describe what you intend to do in the United States if your waiver is approved (for example, employment, an academic program, training, or another authorized activity).
> 2. Please submite the statement of reason.[1]
>
> This information is required to facilitate any necessary next steps on our end. Please submit this information to 212ewaiver@state.gov and include applicant's case number in the subject line of the email. Once the requested information is received, processing of your case will continue.

[1] Defendant misspelled the word "submit" in their email to client.

16. The statutory standard for persecution waivers under INA § 212(e) does not authorize DOS to seek program sponsor views, nor does it establish post-waiver activity criteria. Specifically, 22 C.F.R. § 41.63(b)(2)(iii) only states that:

> With respect to those cases in which the Secretary of DHS has determined that compliance with the two-year home-country residence and physical presence requirement would subject the exchange visitor to persecution on account of race, religion, or political opinion, the Waiver Review Division shall review the program, policy, and foreign relations aspects of the case, including consultation if deemed appropriate with the Bureau of Human Rights and Humanitarian Affairs of the United States Department of State, make a recommendation, and forward such recommendation to the Secretary of DHS.

17. These DOS demands for a "purpose of stay," "statement of reason," and descriptions of intended authorized employment are completely absent from INA § 212(e) and fall outside the scope of permissible WRD review. Thus, demanding that an individual who has been found subject to persecution justify what they "intend to do in the United States" as a prerequisite for WRD processing finds no basis in the published statutory or regulatory text, and indicates that WRD is applying unpublished criteria or procedures.

18. Under the Administrative Procedure Act (APA), 5 U.S.C. § 706, and federal decisional law, if an administrative agency changes its position, it must provide a reasoned explanation for departing from past practice. *See FCC v. Fox Television Stations, Inc.*, 556 U.S. 502 (2009).

19. Because the statutory structure of INA § 212(e) creates a clear administrative necessity for internal policy directives, if Defendant DOS has instituted an unannounced blanket delay, reallocated adjudicator resources, implemented a secret secondary review mechanism (such as mandatory referrals to the Bureau of Democracy, Human Rights, and Labor (DRL)), or imposed extra-statutory screening questionnaires without a published rule or public explanation,

responsive policy documents effectuating these operational changes must exist in the ordinary course of agency operations.

20. To uncover the policy and procedural causes of these unprecedented adjudication delays, Plaintiff submitted FOIA Request No. F-2026-25385 to Defendant DOS on August 18, 2026. FOIA requires federal agencies to make records promptly available upon request by any person, unless the records are protected from disclosure by one or more statutory exemptions. 5 U.S.C. § 552(a)(3).

21. Plaintiff sought five discrete, narrowly tailored categories of records generated between January 1, 2025, and the date of the request: (1) internal policy memoranda, directives, standard operating procedures (SOPs), guidance, cables, or emails issued to or within WRD regarding the processing, adjudication, or timing of recommendations, or the allocation and reassignment of adjudicative personnel, for USCIS-approved Form I-612 persecution waivers and no-objection waivers; (2) communications, policy agreements, or memoranda of understanding between WRD and USCIS concerning holds, pauses, or stricter review standards for INA § 212(e) persecution waivers and no-objection waivers; (3) incident reports, internal communications, or IT tickets concerning electronic data transmission failures, delays, or system incompatibilities between USCIS and WRD systems regarding approved Form I-612 findings; (4) monthly statistical reports generated by or provided to WRD showing the total number of approved, denied, and pending Form I-612 applications and average processing times; and (5) internal memoranda, policy directives, emails, or statistical data concerning WRD referrals of USCIS-approved Form I-612 persecution findings to DRL or any geographic country desk for secondary review, including any guidance altering the historic deference given to USCIS persecution determinations.

22. Plaintiff's request sought expedited processing under 5 U.S.C. § 552(a)(6)(E) and 22 C.F.R. § 171.12(d)(1)(ii), and included a certification under penalty of perjury pursuant to 28 U.S.C. § 1746 that its statement of compelling need and urgency was true and correct, satisfying the certification requirement of 5 U.S.C. § 552(a)(6)(E)(vi). Plaintiff's timely administrative appeal reiterated that ground and further demonstrated that expedited processing was independently warranted under 22 C.F.R. § 171.12(d)(1)(iii). Both grounds were therefore before Defendant when it issued its final determination on appeal.

23. First, under 22 C.F.R. § 171.12(d)(1)(ii), Plaintiff established an urgent need to inform the public concerning actual government activity. Plaintiff is the sole updating author of the *J Visa Guidebook*, and requires these records urgently to inform immigration practitioners, international medical graduates, and scholars regarding unexplained administrative holds. This urgency is acute because a Department of Homeland Security (DHS) regulation altering Duration of Status (D/S) calculations took effect on September 15, 2026, actively exposing stalled J-1 physicians to the accrual of unlawful presence.[2]

24. Second, in its administrative appeal, under 22 C.F.R. § 171.12(d)(1)(iii), Plaintiff demonstrated that failure to release the records immediately would impair substantial due process rights and harm substantial humanitarian interests. USCIS-approved persecution applicants and J-1 physicians face imminent accrual of unlawful presence, loss of medical

[2] On September 14, 2026, Judge F. Dennis Saylor IV of the U.S. District Court for the District of Massachusetts blocked implementation of the DHS Duration of Status Final Rule (90 Fed. Reg. 44976 (July 17, 2026)) one day before its scheduled effective date in *Presidents' Alliance v. DHS*, No. 1:26-cv-13799 (D. Mass. 2026). On November 16, 2026, the court vacated the rule. The vacatur does not eliminate the threat of harm. The government may appeal and seek a stay of the judgment pending appeal, and if the vacatur is stayed, narrowed, or reversed, the D/S Rule could take effect with little notice, immediately exposing J-1 physicians and scholars whose waivers remain stalled at WRD to the accrual of unlawful presence.

licensure, and deportation risks while their waiver is stalled in the WRD administrative hold.

25. On August 24, 2026, Lead Government Information Specialist Megan Farrell issued a form letter acknowledging receipt of Request No. F-2026-25385, placing the case in a 280-day "Complex" track and citing "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B)(i)-(iii). The letter did not identify any date by which a determination on the request was expected to be dispatched, as 5 U.S.C. § 552(a)(6)(B)(i) requires; it stated only that the State Department's average processing time for complex track requests in Fiscal Year 2025 was 280 days.

26. However, Defendant's 280-day delay in processing Plaintiff's FOIA request is an explicit violation of the strict statutory deadlines. Pursuant to 5 U.S.C. § 552(a)(6)(B)(i), a federal agency facing "unusual circumstances" may extend the statutory 20-working-day response deadline by providing written notice to the requester. However, the statute explicitly states that "no such notice shall specify a date that would result in an extension for more than ten working days." *Id.* Thus, by stretching a strict, 10-day statutory maximum into a multi-month extension, Defendant has discarded the statutory deadlines and unlawfully withheld agency records in violation of 5 U.S.C. § 552(a)(6). Even assuming a valid ten-working-day extension, the deadline for Defendant to make a determination on Plaintiff's August 18, 2026 request expired no later than September 30, 2026.

27. A form acknowledgment letter is not a "determination" under FOIA. To make a determination, an agency must at least gather and review the responsive documents, determine and communicate the scope of the documents it intends to produce and withhold and the reasons for any withholding, and inform the requester of its right to appeal any adverse portion. 5 U.S.C. § 552(a)(6)(A)(i); *Louise Trauma Ctr. LLC v. U.S. Citizenship & Immigr. Servs.*, 147 F.4th 495, 499–500 (4th Cir. 2025). Defendant's August 24, 2026 letter did none of these things, and

Defendant has issued no such determination at any time since.

28. Because Defendant failed to comply with the applicable time limits, Plaintiff "shall be deemed to have exhausted [its] administrative remedies" with respect to its request. 5 U.S.C. § 552(a)(6)(C)(i). A predictable agency workload of requests is not an "exceptional circumstance" that would justify further delay. 5 U.S.C. § 552(a)(6)(C)(ii).

29. In the same August 24, 2026 letter, DOS summarily denied expedited processing with the boilerplate statement: "We have determined that your request does not meet any of these criteria", referring to the three specific criteria required to demonstrate a "compelling need" for expedited processing: "(1) failure to obtain the requested information on an expedited basis could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; (2) the information is urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal government activity; or (3) failure to release the information would impair substantial due process rights or harm substantial humanitarian interests."

30. DOS' single-sentence denial failed to provide any reasoned explanation, conducted no individualized analysis, and completely ignored Plaintiff's certified statement under 28 U.S.C. § 1746, which established that Plaintiff met two of the three enumerated criteria (urgent need to inform the public and substantial due process and humanitarian harm).

31. On August 24, 2026, Plaintiff filed a formal administrative appeal demonstrating that DOS' summary denial was legally deficient and ignored uncontradicted facts. Under 5 U.S.C. § 552(a)(6)(A)(ii), DOS was required to decide the appeal within 20 working days, and FOIA separately requires agencies to provide "expeditious consideration of administrative

appeals" of expedited processing determinations. 5 U.S.C. § 552(a)(6)(E)(ii)(II). Accordingly, the appeal deadline expired on September 22, 2026.

32. On September 30, 2026, eight days after the statutory appeal deadline had lapsed, Defendant DOS issued an administrative appeal determination letter (Appeal No. A-2026-00579) signed by Supervisory Government Information Specialist Diamonece Hickson of the Litigation and Appeals Office.

33. Defendant's September 30, 2026 appeal determination perpetuated the exact same legal defect as the initial decision. The letter conducted zero analysis of Plaintiff's sworn declaration, failed to address the *J Visa Guidebook* publication context, and offered no reasoning whatsoever regarding humanitarian harm to persecution waiver applicants.

34. Instead, Supervisory Government Information Specialist Hickson simply re-quoted the three criteria of 22 C.F.R. § 171.12(d) and issued the identical boilerplate conclusion: "I have determined that your request does not meet any of these criteria. Therefore, I must uphold the initial agency decision to deny expedited processing."

35. Defendant's September 30, 2026 letter explicitly concluded: "This is the Department's final determination on expedited processing and exhausts all administrative remedies available to you. You have the right to seek judicial review of this determination under 5 U.S.C. § 552(a)(4)."

36. Accordingly, this action is ripe for judicial intervention. Plaintiff has actually exhausted its administrative remedies as to expedited processing, and it is deemed to have exhausted its administrative remedies as to the underlying request because Defendant failed to make a timely determination on that request.

37. Defendant has not provided a "complete response" to Plaintiff's request within the meaning of 5 U.S.C. § 552(a)(6)(E)(iv). As of the date of this Complaint, Defendant has not produced any responsive records, identified any records it intends to withhold, or asserted any FOIA exemption.

## CAUSE OF ACTION

### I. Violation of FOIA, 5 U.S.C. § 552(a)(6)(E): Improper Denial of Expedited Processing

38. Plaintiff realleges paragraphs 1 through 37 as if fully set forth herein.

39. FOIA requires agencies to provide expedited processing "in cases in which the person requesting the records demonstrates a compelling need," and in other cases determined by the agency. 5 U.S.C. § 552(a)(6)(E)(i). "Compelling need" includes, "with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

40. Plaintiff demonstrated a compelling need through a certified statement establishing an urgent need to inform the public under 5 U.S.C. § 552(a)(6)(E)(v)(II) and 22 C.F.R. § 171.12(d)(1)(ii). The record before Defendant at the time of its final determination on appeal further established that failure to release the information would impair substantial due process rights and harm substantial humanitarian interests under 22 C.F.R. § 171.12(d)(1)(iii).

41. The requested records concern a matter of current exigency to the public, namely the near-total cessation of WRD concurrences on USCIS-approved persecution waivers at the time a DHS rule altering Duration of Status for J-1 visa holders was set to take effect; delay in disclosure compromises the significant recognized interests of persecution waiver applicants who face accrual of unlawful presence and removal; and the request concerns Federal

Government activity.

42. Both Defendant's initial denial (issued by Megan Farrell on August 24, 2026) and Defendant's final agency determination on appeal (issued by Diamonece Hickson on September 30, 2026) consisted of verbatim boilerplate statements that "your request does not meet any of these criteria."

43. This Court reviews Defendant's denial of expedited processing de novo, based on the record before the agency at the time of the determination. 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(E)(iii). Defendant's conclusory boilerplate denials, which merely recited the regulatory criteria without evaluating Plaintiff's certified statement or the facts it presented, are entitled to no deference.

44. Defendant's denial of expedited processing violated 5 U.S.C. § 552(a)(6)(E), and Plaintiff is entitled to an order requiring Defendant to grant expedited processing and to process the request as soon as practicable. 5 U.S.C. § 552(a)(6)(E)(iii).

### II. Violation of FOIA, 5 U.S.C. § 552(a)(6)(A)-(C): Failure to Make Timely Determinations

45. Plaintiff realleges paragraphs 1 through 44 as if fully set forth herein.

46. FOIA requires an agency to determine within twenty working days after receipt of a request whether to comply with it, and to immediately notify the requester of the determination and the reasons for it. 5 U.S.C. § 552(a)(6)(A)(i). In unusual circumstances, that period may be extended by written notice setting forth the date on which a determination is expected to be dispatched, but by no more than ten working days. 5 U.S.C. § 552(a)(6)(B)(i).

47. Defendant received Plaintiff's request on August 18, 2026. Defendant's August 24, 2026 acknowledgment letter did not constitute a determination, and Defendant has made no

determination on the request. The extended deadline for a determination expired no later than September 30, 2026.

48. FOIA also mandates that an agency must make a determination with respect to any administrative appeal within twenty (20) working days after receipt of such appeal. 5 U.S.C. § 552(a)(6)(A)(ii).

49. Plaintiff submitted a timely administrative appeal of Defendant's expedite denial on August 24, 2026.

50. Under 5 U.S.C. § 552(a)(6)(B)(i), an agency may extend either the initial 20-day response window or the 20-day administrative appeal window by up to 10 working days for "unusual circumstances." In DOS' initial acknowledgment letter on August 24, 2026, DOS did invoke "unusual circumstances" to extend time for the initial request (and placed it on the Complex track). However, DOS never issued or sent any written notice invoking an extension to respond to Plaintiff's appeal.

51. Thus, the statutory 20-working-day period for Defendant to issue a timely administrative appeal determination expired on September 22, 2026, and Defendant did not decide the appeal until September 30, 2026. Defendant's September 30, 2026 decision (Appeal No. A-2026-00579) itself stated that it was the Department's final determination on expedited processing and exhausted all administrative remedies.

52. Because Defendant failed to comply with the applicable time limits, Plaintiff is deemed to have exhausted its administrative remedies with respect to its request, 5 U.S.C. § 552(a)(6)(C)(i). Plaintiff is entitled to an order requiring Defendant to make and communicate a determination on the request and to make all non-exempt responsive records promptly available.

### III. Violation of FOIA, 5 U.S.C. § 552(a)(3)(A): Unlawful Withholding of Agency Records

53. Plaintiff realleges paragraphs 1 through 52 as if fully set forth herein.

54. Plaintiff has a statutory right under 5 U.S.C. § 552(a)(3)(A) to inspect and receive all non-exempt agency records responsive to FOIA Request No. F-2026-25385.

55. Under the APA (5 U.S.C. § 706) and *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502 (2009), an agency must display awareness of a change in its position and provide a reasoned explanation for departing from past practice. Because Defendant DOS abruptly halted its historical practice of issuing concurrences within days and has begun requiring new information from persecution waiver applicants, internal policy directives, SOPs, communications, and statistical records reflecting or effectuating these operational changes are reasonably likely to exist within Defendant's possession, custody, and control.

56. Defendant is wrongfully withholding the requested records from Plaintiff.

57. Defendant's failure to promptly make available the records sought by Plaintiff, and to conduct a search reasonably calculated to uncover all responsive records, violates FOIA, 5 U.S.C. § 552(a)(3)(A)-(C).

58. Plaintiff is entitled to an order enjoining Defendant from further withholding the requested records and compelling their immediate production.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;

B. Declare that Defendant's summary initial denial (August 24, 2026) and final

appeal determination (September 30, 2026) denying expedited processing of FOIA Request No. F-2026-25385 were arbitrary, capricious, and unlawful under 5 U.S.C. § 552(a)(6)(E);

C. Declare that Defendant violated 5 U.S.C. § 552(a)(6)(A)-(B) by failing to make a timely determination on Plaintiff's FOIA request and on Plaintiff's administrative appeal, and that Plaintiff is deemed to have exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i);

D. Order Defendant to grant expedited processing and process FOIA Request No. F-2026-25385 as soon as practicable, and in any event by a date certain set by the Court;

E. Order Defendant to immediately conduct an adequate search for the requested records and produce all non-exempt records without further delay;

F. Order Defendant to produce an itemized *Vaughn* index for any records or portions withheld under claimed FOIA exemptions;

G. Enjoin Defendant from continuing to withhold any responsive, non-exempt records;

H. Order Defendant to file periodic status reports with the Court regarding its search, processing, and production until processing is complete;

I. Award Plaintiff reasonable litigation costs, and such attorneys' fees as are permitted by law, pursuant to 5 U.S.C. § 552(a)(4)(E); and

J. Grant such other and further relief as the Court deems just and proper.

Dated: November 20, 2026

*/s/Brian C. Schmitt*
Brian C. Schmitt
Bar No. 30151
Hake & Schmitt
2 Locust Lane, Suite 203
Westminster, MD 21157
Phone: 410-635-3337
Fax: 410-635-3308
brian@jvisausa.com

ATTORNEY FOR PLAINTIFF